# CHARLESTON.

## THEODORE D. CARR *v.* LUCY A. CARR.

Submitted November 18, 1919.   Decided November 25, 1919.

EASEMENTS—*Identification of Roads—Injunction Against Obstruction.*

Where an agreement between husband and wife to partition a tract of land into two equal parcels, quantity and quality being considered, for division between them, provides that "they are to have all necessary roads to enable them, respectively, to fully enjoy the use and occupancy of each of their portions of said lands," and that the surveyor in his report and map shall set out clearly what shall be necessary roads through each parcel; and the latter, without running the courses and staking off the roads, attempts to delineate them on the map of the land as surveyed and divided by him; and a clause is inserted by agreement in each of the deeds executed to the parties pursuant to such partition designating the roads thus indicated on the map to be "the roads now on said land"; such agreement identifies the roads to be used, and an obstruction thereof by either party may be enjoined.

Appeal from Circuit Court, Pocahontas County.

Suit for injunction by Theodore D. Carr against Lucy A. Carr. From a decree dissolving an injunction awarded to plaintiff, and the dismissal of his bill, he appeals.

*Reversed; injunction reinstated and perpetuated.*

*L. M. McClintic,* for appellant.

LYNCH, JUDGE:

Appellant, Theodore D. Carr, plaintiff below, complains of a decree dissolving an injunction theretofore awarded to him by the circuit court of Pocahontas county requiring the defendant, Lucy A. Carr, to remove obstructions placed by her or her agents and employees across a road over her land, agreed to between them as an easement in his favor, and dismissing his bill and awarding her the costs of the suit. Pursuant to the terms and conditions of a contract entered into between them January 26, 1916, for the purpose therein disclosed, plaintiff and defendant, Lucy A. Carr, his wife, conveyed to L. M. McClintic, trustee, February 5, 1916, the land title to which was vested in plaintiff, subject, however, to the right of Mrs. Carr to direct and control the use and purpose to which it was to be devoted while she lived. The clearly expressed object of the contract, later fully executed by McClintic in conformity with the requirements of the deed above referred to, was, first, the division of the land into two parcels of approximately equal value, quantity and quality considered, and the conveyance to each of them in severalty of one of such subdivisions; second, the apportionment between them of the lien or charge binding the whole tract in favor of certain grandchildren of Mrs. Carr therein named. The partition so required was to be made by plaintiff with the aid and assistance of a civil engineer satisfactory to her, and she was to have, and exercised, the right to select which parcel she preferred, her husband to take the other; and McClintic conveyed the same according to this agreement, 148 acres to Mrs. Carr and 188 acres to plaintiff, by two deeds also dated February 5, 1916. In this contract there is the further provision: "The parties to this agreement agree and bind themselves that they are to have all necessary roads to enable them respectively to fully enjoy the use and

occupancy of each of their portions of said land, and the surveyor in his report and map shall set out clearly what shall be necessary roads through each parcel of said land, so that said roads may be fully described in the deeds to be executed by said trustee to said parties." This contract was expressly made a part of the deed of the Carrs to McClintic, and was referred to in the deeds from the latter to the former.

With this specific direction of the contract Echols, the civil engineer selected by plaintiff, did not strictly comply, as he admits as a witness called by plaintiff. For he says the location made by him and shown on the map filed with his report is only approximately correct, but was intended to represent approximately the traveled way then visible on each of the two parcels. To avoid misapprehension as to the true location of the easement, the parties immediately concerned, however, caused to be inserted by way of interlineation in the deeds by McClintic, trustee, conveying to each of them their respective parcels the phrase, "said roads being the roads now on said land," immediately after the clause reading: "The said party of the second part is to have the right to use the roads indicated on said map by the double line in green ink."

With scarcely an exception witnesses testifying in the case, without objection to their competency on any ground, speak positively and unequivocally of the existence during many years within their knowledge of a traveled way through each of the parcels, and practically all of them agree in saying in substance and effect that the green lines do not faithfully represent the location of the easement as marked on the ground by user, and that as so marked it follows the course claimed by appellant. Some of them, however, do swear in disparagement of the feasibility, convenience and utility of the traveled way for general road purposes, and its suitableness and desirability only for passage otherwise than by vehicles. But this testimony is overcome by the clear and conclusive evidence to the contrary manifested and verified by the declarations of others who have used it for haulage by wagons and sleds and machines to thresh grain produced on the land and in going to and returning from points beyond the land and on either side thereof. That it was used in this manner and for this purpose, as some of the witnesses say,

is not contradicted except indirectly. The question raised as to feasibility or utility, however, is not decisive or persuasive upon the issues raised by the pleadings: First, because, as we have said, abundant proof shows the fact to be otherwise; and, second, because of its immateriality. This easement is a matter of contractual right. The parties have by deed duly executed granted each to the other the right to use and enjoy it, presumably without hindrance or molestation by the other. This contract thus carried into full execution by three several deeds cannot lawfully or lightly be circumscribed or disregarded by the participants or either of them. They are bound by its terms and cannot depart therefrom except by a modification thereof in which they shall both concur or acquiesce.

As already indicated, the evidence, we think, clearly sustains the contention of the plaintiff as to the bars and gates being upon the traveled way. It is conclusive upon that phase of the case, and the proof to the contrary only slightly conflicts with it. Being of that opinion, our order will reverse the decree appealed from, reinstate and perpetuate the injunction granted by a former decree and dissolved by the final decree, and award costs to appellant.

*Reversed; injunction reinstated and perpetuated.*