# CHARLESTON.

JOHN T. KENNEDY *et als. v.* GEORGE KLAMMER

(No. 5816)

Submitted September 20, 1927.   Decided September 27, 1927.

1.   INJUNCTION—*Mandatory Injunction Will be Given, Where Right of Applicant is Clear and Necessity Urgent.*

   Relief by mandatory injunction will be given where the right of the applicant is clear and necessity urgent.

   (Injunctions, 32 C. J. § 7.)

   (NOTE:. Parenthetical references by . Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Monongalia County.

Suit by John T. Kennedy against George Klammer for an injunction. From a decree awarding a preliminary mandatory injunction, and refusing to dissolve it, defendant appeals.

*Affirmed.*

*Baker, Posten & Downes,* for appellant.

WOODS, JUDGE:

This appeal questions the action of the circuit court of Monongalia county (1) in awarding a preliminary mandatory injunction, compelling defendant to remove a certain fence, and other obstacles, which he had unlawfully constructed and maintained on a 30-foot public street parallelling two sides of his property; and (2) in refusing to dissolve the same.

The bill, which was duly verified, alleged in substance that plaintiffs' immediate predecessor in title had divided a certain tract of land on Scott's Run (now Scottdale) into sixteen lots, and had placed a plat of same on record in the office of the clerk of the county court, a copy of the plat as so recorded being incorporated in and made a part of the bill; that defendant acquired four of said lots by purchase, his deed, as exhibited, making reference to the plat; that plaintiffs came into possession of number of said lots by

virtue of a devise from their predecessor, as evidenced by a copy of a will; that notwithstanding certain verbal information, as well as that incorporated in the deed by reference to the plat, to the effect that defendant's property line ran only to a point 15 feet within the stakes marking the middle of said 30-foot street, yet defendant unlawfully erected and maintained a fence on the actual center line of the street, which paralleled the northern and eastern boundaries of his property; that defendant, though requested and demanded on numerous occasions, refused to remove said obstructions, and prohibited plaintiffs from so doing, and threatened them with personal injury and damage suits should they attempt to remove the same; that the unlawful maintenance of the fence in the street had obstructed and prevented the full, free and lawful use and enjoyment of the same by plaintiffs and others in their access to and from their lots, said street having but one outlet, which had been obstructed by the aforesaid unlawful acts of the defendant; and that such obstructions so maintained by defendant operated to the great and irreparable injury of the plaintiffs in making sale of their lots.

The weight of authority recognizes the power of a court of equity to award preliminary mandatory injunctions in extreme cases where the right is clear. 32 C. J. 24. Under our decisions the rule is that they may be awarded in cases of necessity or extreme hardship. *Powatan Coal & Coke Co.* v. *Ritz, J.*, 60 W. Va. 395. In other words, relief by this method may only be had where the right of the applicant is clear and the necessity urgent. *Lamp* v. *Locke*, 89 W. Va. 138. In addition to the right of the public to maintain a suit in equity for such relief, private citizens who are especially injured by an obstruction and interested in preventing its continuance may, upon a proper showing, maintain such a suit. Elliott on Roads & Streets, §850. This latter doctrine was applied in *Briers* v. *Alderson*, 101 W. Va. 662. The special injury to the complainants here is that the said obstruction sought to be removed from the highway in front of their property interferes with the further sale of their

lots on the market. They further allege that this injury is irreparable.

It is true that courts cautiously use this remedy, but the power to grant such injunction is undoubted. Testing the bill by the principles hereinbefore announced, we believe that the circuit court was warranted in awarding the injunction in thise case. Here a plain continuing nuisance was maintained by the defendant in front of the premises of the plaintiffs, which deprived them (as well as the general public) of their rightful use to a public street, and interfered with the sale of their property, whereby they received irreparable injury.

Since there was no denial by the defendant of the allegations contained in the plaintiff's bill, the Court properly overruled his motion to dissolve.

*Affirmed.*