THE STATE ROAD COMMISSION OF WEST VIRGINIA,
A CORPORATION, *et al.*

*v.*

WILLARD L. OAKES, *et al.*

(No. 12441)

Submitted May 4, 1966.          Decided July 12, 1966.

*Payne, Minor, Ray, Price & Loeb, John L. Ray, John V. Ray,* for appellants.

*Paul J. Kaufman, Milton S. Koslow,* for appellees.

HAYMOND, JUDGE:

In this civil action instituted in the Circuit Court of Kanawha County in February 1961, the plaintiffs, The State Road Commission of West Virginia, a corporation, and J. Q.

Dickinson and Company, a corporation, seek injunctive and other relief from the defendants, Willard L. Oakes and Ada L. Oakes, who are husband and wife. In the action are involved the rights and the interests of the parties in and to a public highway known as West Virginia Secondary State Route 60/12, herein sometimes referred to as Route 60/12, and a roadway known as the Salt Works Road and certain real estate in or near the Town of Malden, in Kanawha County, West Virginia. The real estate involved includes Lots 2, 3, 4, 5, 6, 7, 8, 16, 17 and 33, and the Christy lot adjacent to Lot 8, the Truslow lot, in an area known as the Putney Addition to the Town of Malden, and a tract of approximately 53 acres, owned by the plaintiff J. Q. Dickinson and Company, and Lots 9, 10, 11, 12 and 13 in the Putney Addition to the Town of Malden, and the Parks Homestead Lot, which was located before that addition was created, owned by the defendant Ada L. Oakes.

The case was heard by the court in lieu of a jury upon the third amended complaint of the plaintiffs, the answer of the defendants, certain written stipulations of the parties, numerous exhibits consisting of documents, photographs and maps introduced in evidence, and the testimony of witnesses produced in behalf of the respective parties.

By its final judgment entered March 24, 1964, the circuit court, based on factual findings made by it on certain issues in favor of the plaintiffs, awarded costs against the defendants, and, as to the principal questions involved, decreed and held:

" (1)   That West Virginia Secondary State Route 60/12, in front (east) of the Parks Homestead Lot and Lots 13, 12, 11 and 10 of the Putney Addition to the Town of Malden, Kanawha County, West Virginia, is forty (40) feet wide and the center line of the said road is the center line of the present asphalt paved surface thereof, and the defendants have encroached on the said West Virginia Secondary State Route 60/12 in front (east) of the Parks Homestead Lot and Lots 13, 12, 11 and 10 of the said Putney Addition with hedges, gate-

posts, a fence, a concrete driveway, a concrete sidewalk, a concrete wall and 2-inch pipe.

" (2) That the defendants have also encroached on West Virginia Secondary State Route 60/12 by filling with earth and other materials a drainage ditch formerly situate in front (east) of the Parks Homestead Lot and Lots 13, 12, 11, 10 and 9 of said Putney Addition.

" (3) That the defendants have not encroached on West Virginia Secondary State Route 60/12 in front (east) of Lots Nos. 10 and 9 of said Putney Addition by installing the water tanks which stand four feet above the road, as shown on Plaintiff's Exhibit 24.

" (4) That the defendants, at their cost and expense, do promptly remove all of the aforesaid encroachments on West Virginia Secondary State Route 60/12, to-wit, the fence, concrete driveway and hedge in front of the Parks Homestead Lot, the gateposts, concrete sidewalk and hedge in front of Lots 13 and 12, the hedge in front of Lots 11 and 10 and the concrete wall, the posts and the 2-inch pipe in front of Lot 10 of said Putney Addition.

" (5) That the defendants, at their cost and expense, do promptly remove all of the earth and other materials from the drainage ditch formerly situate in front of the Parks Homestead Lot and Lots 13, 12, 11, 10 and 9 of the Putney Addition and shall restore and re-establish the ditch to the satisfaction of the State Road Commission of West Virginia and that the defendants may, at their election, request the State Road Commission of West Virginia to remove the said earth and other materials from the said ditch and to restore and re-establish it as the Road Commission shall determine, in which event the defendants shall reimburse the Road Commission in full for the cost of such work.

" (6) That the north line of the 53-acre, 2-rood, 2-pole tract owned by J. Q. Dickinson & Company at the southern or upper end of the Town of Malden, Kanawha County, West Virginia, is the line shown on Plaintiff's Exhibit 24 designated 'S. 66 degrees 15 minutes E.' running from a monument

on the Kanawha River to a monument in the right-of-way of The New York Central Railroad.

"(7) That George P. Sovick, Civil Engineer, do place a concrete monument on the line shown on Plaintiff's Exhibit 24 designated 'S. 66 degrees 15 minutes E.' at (i) the intersection of the said S. 66 degrees 15 minutes E. line and the west line of Lot 9 of the Putney Addition, as shown on Plaintiff's Exhibit 24, and (ii) the intersection of said S. 66 degrees 15 minutes E. line with the west right-of-way line of West Virginia Route 60/12 as shown on Plaintiff's Exhibit 24.

"(8) That the defendants have encroached on the property of J. Q. Dickinson & Company in the area south of the aforesaid S. 66 degrees 15 minutes E. line, which area is colored in green on Plaintiff's Exhibit 24 by depositing brush, logs and other materials thereon and that said encroachment constitutes a private nuisance against the said J. Q. Dickinson & Company.

"(9) That the defendants, at their cost and expense, do promptly remove all of the brush, logs and other materials deposited on the property of J. Q. Dickinson & Company in the area south of the aforesaid S. 66 degrees 15 minutes E. line, which area is colored in green on Plaintiff's Exhibit 24, and the defendants are perpetually enjoined and restrained from depositing brush, logs and other materials of every kind on said property, from trespassing on said property and from using said property for any purpose or in any manner whatsoever.

"(10) That the defendants have diverted the surface water in the stream which extends in a northerly direction from a 36-inch culvert across the rear of Lots 9, 10, 11, 12, and 13 of said Putney Addition to Kanawha River, by depositing trash, stumps and other materials in the stream and that the flow of the stream has been obstructed by the said materials and by the 15-inch pipe and the 18-inch pipe placed in the channel of the stream by the defendants.

"(11) That the defendants, at their cost and expense, do promptly remove all of the said trash, stumps and other material and all of the said 15-

inch and 18-inch pipe from the channel of the stream which extends in a northerly direction from the said 36 inch culvert across the rear of Lots 9, 10, 11, 12 and 13 of said Putney Addition to the Kanawha River, and the defendants are perpetually enjoined and restrained from depositing in the channel of said stream trash, stumps, earth, pipe and other materials of every kind, and from committing any act which would obstruct the natural flow of said stream.

"(12) That the road between the north line of the 53-acre, 2-rood, 2-pole tract of J. Q. Dickinson & Company and West Virginia Secondary State Route 60/12 has not been shown to be a public road by a preponderance of the evidence in this case and no finding is made with reference to whose or what it is.

"(13) That the defendants will not be required at this time to remove the rather unsightly material on the area colored in red on Plaintiff's Exhibit 24, and bounded on one side by the 75-½ foot and 73-foot lines and on the opposite side by the traveled portion of the said road between the northern line of the 53-acre, 2-rood, 2-pole tract of J. Q. Dickinson & Company and the West Virginia Secondary Route 60/12.

"(14) That the defendants are hereby perpetually restrained and enjoined from any further encroachment on the said road between the northern line of the 53-acre, 2-rood, 2-pole tract of J. Q. Dickinson & Company and West Virginia Secondary Route 60/12.

"(15) That the defendants are not operating a junk yard within the terms of Section 1 of Article 23 of Chapter 17 of the Code of West Virginia and that J. Q. Dickinson & Company as a private citizen has no right to seek to enjoin the defendants from the operation of a junk yard under the statute.

"(16) That Section 13 (b) of Article 19 of Chapter 17 of the Code of West Virginia relating to the disposal of litter and other material on or near public highways has been repealed and the defendants will not be compelled to comply with said statute.

"(17) That the J. Q. Dickinson & Company is not entitled to any award of damages."

From the foregoing judgment this Court granted this appeal upon the application of the plaintiff J. Q. Dickinson and Company.

The plaintiff J. Q. Dickinson and Company, referred to in this opinion as the plaintiff, assigns as error the action of the circuit court (1) in refusing to find that the Salt Works Road is a public road and in failing to determine the legal status of such road; (2) in failing to find that the defendants have encroached on such road and in failing to compel them to remove the debris which the defendants have placed on such road; (3) in failing to abate the alleged nuisance created by the defendants on the property of the defendant Ada L. Oakes involved in this case; (4) in finding that the defendants were not engaged in the operation of a junk yard within the meaning of Section 1, Article 23, Chapter 17, Code, 1931, as amended, upon the property of the defendant Ada L. Oakes involved in this case; (5) in finding that the defendants have not encroached on Route 60/12 in front and east of Lots 9 and 10 of the Putney Addition by installing water tanks in front of those lots and in refusing to compel the defendants to remove such tanks from Route 60/12; (6) in failing to award damages to the plaintiff for injury to its property by the defendants; and (7) in refusing to permit C. C. Dickinson, a witness in behalf of the plaintiffs, to testify concerning the use of public funds and labor on the Salt Works Road.

The defendants cross-assign as error the action of the circuit court (1) in finding that Route 60/12 occupied a 40-foot instead of a 30-foot right of way; (2) in finding that the defendants encroached upon the right of way of Route 60/12 and in requiring them to remove the encroachments made by them and to re-establish a drainage ditch along the right of way of Route 60/12; (3) in finding that the north boundary line of the 53 acres tract was S. 66° 15′ E. and in requiring the witness Sovick to place a monument at the intersection of that line with Lot 9 and at its intersection with the west right of way line of Route 60/12;

(4) in finding that the defendants have encroached upon the area indicated in green on Plaintiff's Exhibit 24 and in enjoining the defendants from the future use of such property; (5) in finding that the defendants are diverting surface water in the stream which passes through the property of the defendant Ada L. Oakes and in requiring them to remove obstructions from such stream; (6) in enjoining the defendants from any further encroachment upon the Salt Works Road; and (7) in awarding all costs against the defendants.

The principal questions presented by the assignment of errors of the plaintiff are the character and the location of the Salt Works Road and the location of the debris, rubbish and other unsightly material of which the plaintiff complains with respect to the Salt Works Road.

It is clear from the evidence that the Salt Works Road has existed and has been used by the public for many years. C. C. Dickinson, a witness in behalf of the plaintiffs who was almost eighty eight years of age when he testified, stated that he has known and used the road since he was a child. Arthur Osborne, also a witness in behalf of the plaintiffs, has known the road and its location since 1925. Turner R. Ratrie, another witness in behalf of the plaintiffs, who has known the road since 1941 and had traveled it frequently during the period 1941 to 1943 and several times daily since 1958, testified that it was used by customers and traveled by trucks serving the plaintiff J. Q. Dickinson and Company, by people buying materials at its store and by tenants and other people using the property of the plaintiff on which its salt plant or works is located. Though the evidence shows clearly that the Salt Works Road was used and traveled by the public generally for many years before the institution of this action in 1961 and suggests that at one time it was a part of the original James River and Kanawha Turnpike, there is no evidence to show that the Salt Works Road was ever formally dedicated, or accepted by the county court or any public authority, or that any public moneys or labor have been expended or performed on it at any time. Moreover, the Salt Works Road has never

been "taken over" by The State Road Commission as a part of the State road system.

From the foregoing it is evident that the Salt Works Road is not a public road. This Court has consistently held that the mere use of a road will not make it a public road even though such use is with the knowledge and consent of the owners of the land unless the use is accompanied by an order showing its recognition by public authority or by its maintenance by such authority. *Baker* v. *Hamilton,* 144 W. Va. 575, 109 S. E. 2d 27; *Monk* v. *Gillenwater,* 141 W. Va. 27, 87 S. E. 2d 537; *Holland* v. *Flanagan,* 139 W. Va. 884, 81 S. E. 2d 908; *Zirkle* v. *City of Elkins,* 93 W. Va. 39, 115 S. E. 875; *Hicks* v. *City of Bluefield,* 86 W. Va. 367, 103 S. E. 323; *Dickens* v. *Liverpool Salt and Coal Company,* 41 W. Va. 511, 23 S. E. 582; *Boyd* v. *Woolwine,* 40 W. Va. 282, 21 S. E. 1020; *Yates* v. *West Grafton,* 33 W. Va. 507, 11 S. E. 8. In *Baker* v. *Hamilton,* 144 W. Va. 575, 109 S. E. 2d 27, in considering Section 3, Article 1, Chapter 17, Code, 1931, the present statute, this Court said that in order that a road shall be conclusively presumed to be established as a public road it must have been used by the public for a period of ten years or more and public moneys or labor duly authorized by a public agency or official empowered to maintain, repair or accept such road must be expended on it. The evidence is insufficient to establish the Salt Works Road as a public road and the circuit court was correct in holding that the Salt Works Road is not a public road.

The evidence, however, shows clearly that the Salt Works Road for many years has been and now is a private road and that the plaintiff by using the road for many years has acquired an easement or right of way to use it for ingress and egress from the property owned by it adjacent to and reached by traveling upon and over that road to and upon old Route 60, a public road now known as Route 60/12. The location and the boundary of the Salt Works Road where Lot 9 of the defendant Ada L. Oakes abuts upon it are also established by the evidence. C. C. Dickinson, who as already indicated knew and traveled over the Salt Works Road for many years, testified that its width where it enters

the 53-acre tract and extends toward its intersection with Route 60/12 was approximately thirty feet and the maps introduced as Plaintiff's Exhibit 24, a map showing the location of the road, according to the survey by the witness George P. Sovick, and Plaintiff's Exhibit 62, a map showing the location of the road, according to the survey made by the witness Ralph Willman, show that its usual width was thirty feet and that it is several feet wider at and near its intersection with Route 60/12. Other witnesses testified that before any of the encroachments, consisting of debris, rubbish and other unsightly materials, were placed by the defendants, which occurred during and since 1954 and less than ten years before the institution of this action, the traveled portion of the road in that area was sufficiently wide to permit two automobiles to pass. It also sufficiently appears from the evidence that the defendants have or the defendant Williard L. Oakes has encroached upon the Salt Works Road along the southern boundary of Lot 9, which consists of the lines of 75-½ feet and 73 feet, as shown by the above mentioned maps, by placing upon the Salt Works Road where it adjoins Lot 9 a large pile of unsightly materials, consisting of various kinds of lumber, old furniture, cross-ties, roofing material, scrap metal, automobile tires, cans and other material, rubbish and debris, for a depth of several feet and to a height which varies at different places from one foot to ten feet; that the presence of this unsightly material obstructs the view of the intersection of the road where it connects with Route 60/12 and creates a traffic hazard on the road; and that for several feet along Route 60/12 extending south from the division line between Lots 9 and 10 for a distance of approximately fifteen feet, the Salt Works Road is obstructed by a row of iron posts or water tanks approximately four feet in height as shown on the map, Plaintiff's Exhibit 24, by a line or series of small black circles. The extent of the encroachment by the defendants or the defendant Willard L. Oakes is shown in red upon the map introduced in evidence as Plaintiff's Exhibit 24 and the width of the encroachment upon that road varies from approximately five feet at its narrowest point to approximately ten feet at its widest point. The evidence

also shows that this obstruction upon the Salt Works Road by the defendants impairs, restricts and interferes with the right of the plaintiff of ingress and egress from its property to Route 60/12 and constitutes an obstruction which causes a special and peculiar injury to the plaintiff and justifies the award to the plaintiff of a mandatory injunction to require the defendants to remove such obstruction from the Salt Works Road.

It is well established by the decisions of this Court that a mandatory injunction will be granted when the right of an applicant for such injunction is clear and the necessity for such relief is urgent. *McCausland* v. *Jarrell,* 136 W. Va. 569, 68 S. E. 2d 729; *Kennedy* v. *Klammer,* 104 W. Va. 198, 139 S. E. 713; *Lamp* v. *Locke,* 89 W. Va. 138, 108 S. E. 889. This Court has also held that when a private road is obstructed or closed a mandatory injunction will lie to clear and open such way for the use of the owner. *Hershman* v. *Stafford,* 58 W. Va. 459, 52 S. E. 533; *Boyd* v. *Woolwine,* 40 W. Va. 282, 21 S. E. 1020. In the *Hershman* case, quoting from the *Boyd* case, this Court in the opinion said: " 'A mandatory injunction will lie to cause an obstructed or closed private way to be cleared and opened for the use of the owner.' *Boyd* v. *Woolwine,* 40 W. Va. 282. JUDGE HOLT, speaking in this case in regard to the remedy by injunction, after the right to the way has been established, says: 'If such is the right of the plaintiffs, no question is made that this is their proper remedy, in fact, their only plain, adequate and complete remedy, seeing that it is the unobstructed use of the road they are after, and not damages for the obstruction of it.' " In *Bent* v. *Trimboli,* 61 W. Va. 509, 56 S. E. 881, this Court held in point 2 of the syllabus that "Equity will interfere by injunction, at the suit of a private individual, to restrain others from obstruction of public or private roads, where the obstruction will work a special and peculiar injury to him." In *City of Elkins* v. *Donohoe,* 74 W. Va. 335, 81 S. E. 1130, the opinion states that a mandatory injunction affords proper relief against obstruction of a way devoted to public or private use. See also *Moundsville Water Company* v. *Moundsville Sand Company,* 124 W. Va. 118, 19 S. E. 2d 217, 139 A. L. R. 1199;

*Carr* v. *Carr,* 85 W. Va. 209, 101 S. E. 251; *Mary Helen Coal Company* v. *Hatfield,* 75 W. Va. 148, 83 S. E. 292; *Powhatan Coal and Coke Company* v. *Ritz,* 60 W. Va. 395, 56 S. E. 257, 9 L. R. A. (N. S.) 1225; *Johnson* v. *Gould,* 60 W. Va. 84, 53 S. E. 798; *Flaherty* v. *Fleming,* 58 W. Va. 669, 52 S. E. 857, 3 L. R. A. (N. S.) 461. The statement in the syllabus to the *Bent* case and the statement in the opinion in the *City of Elkins* case apply to the established facts of the case at bar and are controlling upon the question of the right of the plaintiff to a mandatory injunction to require the defendants to remove the encroachment and obstruction which they have placed in and on the Salt Works Road and support the award to the plaintiff of such injunctive relief.

The circuit court made no finding as to the character of the Salt Works Road except to hold that it is not a public road and in deciding the question of the right of the plaintiffs to a mandatory injunction to require the defendants to remove the encroachment and obstruction from the Salt Works Road, this Court does not disturb or reverse any finding of the circuit court. It is manifest that the action of the circuit court in enjoining the defendants from encroaching further upon the Salt Works Road was correct and proper but, for the reasons stated, the circuit court should have required the defendants, by mandatory injunction, to remove the present encroachment and obstruction from its present location in the Salt Works Road.

The plaintiff contends that the circuit court erred in failing to abate a nuisance being conducted by the defendants on the property of the defendant Ada L. Oakes. This contention is devoid of merit. As to the deposit of debris, rubbish and other unsightly material on any of the lots owned by the defendant Ada L. Oakes, separate and apart from the materials placed by the defendants or the defendant Willard L. Oakes on the Salt Works Road, the evidence fails to show that the materials deposited on the property of the defendant Ada L. Oakes constitute a nuisance. It is true that such materials are unsightly, but the element of unsightliness, without more, does not produce or create

an abatable nuisance. *Parkersburg Builders Material Company* v. *Barrack*, 118 W. Va. 608, 191 S. E. 368, 192 S. E. 291, 110 A. L. R. 1454. "The fact that a thing is unsightly, or that it offends the aesthetic sense, is not in itself sufficient to make it a nuisance." and "Mere unsightliness or other condition of a purely aesthetic nature are alone insufficient to justify a court's interference." 39 Am. Jur., Nuisances, Sections 29 and 70. An "owner's use of property cannot be restricted on purely aesthetic considerations." 66 C. J. S., Nuisances, Section 19d. Though the evidence shows that some rats were present on or near the property of the defendant Ada L. Oakes and there was some testimony that the material on such property constituted "a good harborage for rats", it does not appear from the evidence that rats were present in sufficient numbers to constitute a health hazard. The evidence also fails to show that the presence of materials on the property of the defendant Ada L. Oakes, in other respects, constituted a health hazard or a fire hazard which imperiled or affected the health or safety of the area.

The plaintiff also complains of the action of the circuit court in finding that the defendants were not engaged in the operation of a junk yard on the property of the defendant Ada L. Oakes within the meaning of Section 1, Article 23, Chapter 89, Acts of the Legislature, 1959 Regular Session, and being Section 1, Article 23, Chapter 17, Code, 1931, as amended. The foregoing statute was amended by Chapter 163, Acts of the Legislature, 1963 Regular Session, and the amended statute designates as a salvage yard what was previously designated as a junk yard in the former statute, and the present statute defines a salvage yard as an establishment or a place of business which is maintained or operated for the purpose of storing, keeping, buying or selling such salvage, or for the maintenance or operation of an automobile graveyard. The present statute, as did the former statute, authorizes the state road commissioner or the county court of the county in which such salvage yard is located to apply to a court of competent jurisdiction to abate the nuisance of maintaining a salvage yard. Though

there is some evidence that a number of truck loads of material were delivered to the property of the defendant Ada L. Oakes and that several truck loads of material were taken from her property and sold to a junk dealer for amounts ranging from $3.90 to $7.60 for each load, the evidence, which discloses that neither defendant was licensed to operate a junk yard or a salvage yard, fails to show that either of them maintained or operated such yard on the property of the defendant Ada L. Oakes within the meaning of the statute. It is also significant that the State Road Commission, which was the only plaintiff authorized to apply for an injunction to prevent the operation of a junk yard or a salvage yard, did not seek to enjoin the defendants from the maintenance or operation of such yard in this proceeding.

The action of the circuit court in finding that the defendants have not encroached on West Virginia Secondary Route 60/12 in front of Lots 9 and 10 of the Putney Addition by installing water tanks at that place and in refusing to compel the defendants to remove them from that highway did not constitute error. On the contrary the finding of the circuit court that there was no such encroachment is amply supported by the evidence and should not be disturbed upon this appeal.

There is also no merit in the contention that the circuit court erred in failing to award damages to the plaintiff for injury to its property by the defendants. The evidence is not sufficient to establish a basis for the award of any definite or specific amount of damages in favor of the plaintiff and the refusal of the circuit court to award any damages was correct and proper.

The action of the circuit court in refusing to permit C. C. Dickinson, a witness in behalf of the plaintiff, to testify as to the use of public funds and labor on the Salt Works Road is free from error. The testimony of that witness as to that matter was not within the personal knowledge of the witness but was based upon report and rumor and his testimony, being heresay and clearly inadmissible, was properly rejected.

A careful consideration of the defendants' cross-assignment of errors reveals no error by the circuit court in its disposition of the questions involved in such cross-assignments. The findings that the West Virginia Secondary Route 60/12 occupied a 40-foot right of way, that the defendants had encroached upon the right of way of that highway in front of the Parks Homestead Lot and Lots 10, 11, 12 and 13 of the defendant Ada L. Oakes, that the north line of plaintiff's 53-acre tract was S. 66 degrees 15 minutes E., that the encroachment of the defendants upon the property shown in green on Plaintiff's Exhibit 24 was a private nuisance, and that the defendants diverted surface water which passes through the property of the defendant Ada L. Oakes, are and each of them is amply supported by the evidence and the action of the circuit court in requiring the defendants to remove all such obstructions and in enjoining them from the future use of the area indicated in green on Plaintiff's Exhibit 24, from obstructing the flow of the stream, and from further encroachment upon the Salt Works Road as shown on Plaintiff's Exhibit 24, was a proper application of the pertinent principles of law to the facts established by the evidence, was free from error, and was in all respects correct and proper. In consequence the rulings of the circuit court with respect to each of the questions presented by the cross-assignment of errors should be affirmed.

The rule is firmly established by many decisions of this Court that the finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding. Point 6, syllabus, *Daugherty* v. *Ellis,* 142 W. Va. 340, 97 S. E. 2d 33; *Bluefield Supply Company* v. *Frankel's Appliances, Inc.,* 149 W. Va. 622, 142 S. E. 2d 898; *DeLong* v. *The Farmers Building and Loan Association,* 148 W. Va. 625, 137 S. E. 2d 11; *Lewis* v. *Dils Motor Company,* 148 W. Va. 515, 135 S. E. 2d 597; *Dunning* v. *Barlow and Wisler, Inc.,* 148 W. Va. 206, 133 S. E. 2d 784; *General Electric Credit Corporation* v. *Fields,* 148 W.

Va. 176, 133 S. E. 2d 780; *Cotiga Development Company* v. *United Fuel Gas Company,* 147 W. Va. 484, 128 S. E. 2d 626; *Edwards* v. *Hylbert,* 146 W. Va. 1, 118 S. E. 2d 347; *Martin* v. *Williams,* 141 W. Va. 595, 93 S. E. 2d 835, 56 A. L. R. 2d 756; *Green* v. *Henderson,* 136 W. Va. 329, 67 S. E. 2d 554; *Watkins* v. *Norfolk and Western Railway Company,* 125 W. Va. 159, 23 S. E. 2d 621; *Hysell* v. *Sterling Coal and Manufacturing Company,* 46 W. Va. 158, 33 S. E. 95; *Moore* v. *Strickling,* 46 W. Va. 515, 33 S. E. 274, 50 L. R. A. 279.

As the plaintiffs were the parties who substantially prevailed upon the trial of this action in the circuit court, that court did not commit error in awarding costs against the defendants and in favor of the plaintiffs.

For the reasons stated the final judgment of the circuit court rendered March 24, 1964, is reversed and set aside insofar and insofar only as the circuit court refused to find the Salt Works Road to be a private road and refused to require, by mandatory injunction, the defendants to remove, at their cost and expense, the row of water tanks now located at the intersection of the Salt Works Road with the West Virginia Secondary State Route 60/12 and all the material placed by the defendants upon the area in red on Plaintiff's Exhibit 24 and bounded on one side by 75-½ foot and 73-foot lines and on the opposite side by the traveled portions of such road between the northern line of the 53-acre tract of the plaintiff J. Q. Dickinson and Company and the West Virginia Secondary State Route 60/12, but in all other respects such judgment is approved and affirmed; and this action is remanded to the circuit court with directions that it issue a mandatory injunction to require the defendants forthwith, at their cost and expense, to remove all of the above mentioned encroachments placed by them upon the Salt Works Road.

*Reversed in part;*
*affirmed in part; and*
*remanded with directions.*