VINCENT P. TIERNEY, *et al.*

*v.*

Z. TAYLOR EARL

(No. 12815)

Submitted February 10, 1970.     Decided March 3, 1970.

*Ducker & McCreight, H. L. Ducker, Paul W. McCreight,* for appellant.

*Richard E. Tyson, W. Merton Prunty,* for appellees.

CAPLAN, JUDGE:

In this action instituted in the Circuit Court of Cabell County, the plaintiffs, Vincent B. Tierney and Janice Tierney, his wife, and Philip B. Corkrean and Nora D. Corkrean, his wife, sought injunctive relief against the defendant, Z. Taylor Earl. The defendant filed an answer to the petition and by cross-claim sought redress for alleged wrongful acts of the plaintiffs. After a reply to the cross-claim was made by the plaintiffs and upon the evidence heard by the court and the exhibits presented, the court handed down its decision upon which judgment was entered. It is from this judgment that the defendant prosecutes this appeal.

The record reveals that Paul V. Porter was the owner of a certain tract of land designated as Anita Heights, a subdivision of the City of Huntington. Certain lots were sold in this subdivision to the parties to this proceeding. On July 6, 1964 he conveyed Lot No. 3 to the defendant Earl. The plaintiffs Tierney acquired Lot No. 1 from Mr. Porter on September 10, 1965. The third conveyance in this subdivision, made to the plaintiffs Corkrean, was consumated on August 26, 1966. The Tierney property, fronting seventy feet on Beverly Road, extends in a southerly direction one hundred forty-three feet. Adjacent and perpendicular to the Tierney lot on the west are the Porter and Earl lots, the former lying to the north. The Earl property fronts on Ferguson Road, which runs generally north and south and forms a right angle

with Beverly Road, and extends in an easterly direction to the Tierney lot. The southern portion of the Earl lot contains a sixteen-foot strip which is adjacent to the southern boundary of the Tierney property. The Cork-rean property also fronts on Ferguson Road and is adjacent to and south of the defendant's lot.

In the petition the Corkreans complain that the defendant in grading his property has caused dirt to be spilled over on their property resulting in a fill of approximately six to eight feet above the natural terrain, said fill being four to five feet over their boundary line. This encroachment, they say, has greatly impaired the value of their land.

The Tierneys allege that the defendant has raised the grade on his sixteen-foot strip of land adjacent to and south of their lot in such a manner that the natural flow of surface waters on their property has been impeded. They complain therefore that should this condition be permitted to continue their property will be flooded from time to time and will be irreparably damaged.

The plaintiffs petitioned the court to restrain Earl from committing the alleged wrongful acts and further requested a mandatory injunction requiring him to remove the obstructions and encroachments of which they complained.

The defendant filed an answer substantially denying the plaintiffs' charges and filed a cross-claim wherein he charged that plaintiffs Tierney wrongfully constructed a sewer line from their property in a westerly direction across his property to Ferguson Road. Defendant Earl contends that his lot, by virtue of the sixteen-foot strip, extends on the east to a fifteen-foot alley which runs generally north and south the length of the Tierney lot and in a southerly direction to Berger Road. He charges that plaintiffs Tierney, in constructing a patio for the use of their home, built said patio over and partly across the said fifteen-foot alley. In doing so he charges the

Tierneys so changed the elevation of the alleyway that he cannot now traverse it. He asks the Court to grant a mandatory injunction requiring the Tierneys to remove said obstruction. His cross-claim also alleges that the Corkreans, in excavating for the construction of their home on Lot No. 4, excavated so close to his property line that he was deprived of lateral support for his property. For this he also asks relief.

In its final order the circuit court granted the relief requested by the Corkreans by ordering defendant Earl to remove the dirt on the line between his property and that of the Corkreans so that it will not spill on to the latter's lot, or to build a retaining wall between the two lots of sufficient height and strength so as to prevent the spillage of dirt from his property. Defendant Earl was ordered to remove the dirt piled on his sixteen-foot strip, thereby restoring to the Tierney lot its natural flow of surface waters. In relation to the defendant's cross-claim, the court ordered the Corkreans to build an adequate retaining wall of sufficient strength and height to provide lateral support for the defendant's property. The court denied relief to the defendant in relation to his request to require the Tierneys to remove the sewer line across his property and denied a mandatory injunction requiring the Tierneys to remove the patio and other obstructions in the alleged alley.

The defendant on this appeal claims that the Corkreans are not entitled to require him to remove the dirt placed on their property, for the reason that any such dirt was placed there prior to the purchase of Lot No. 4 by the Corkreans. The defendant further assigns as error the court's action in requiring him to remove the dirt piled on his sixteen-foot strip thereby allegedly blocking the natural drainage from the Tierney lot. The defendant has apparently abandoned his claim in relation to the sewer line but complains that the court erred in refusing to require the Tierneys to remove the patio and other

obstructions from the alleged public alley east of Lots Nos. 1 and 3.

Having examined the record, including the testimony of the witnesses, we find that there is evidence to support the court's finding that the defendant must act to prevent any further deposits of dirt on the Corkrean lot. As noted, the defendant contends that the damage, if any, was done prior to the purchase of Lot No. 4 by the Corkreans. This contention is disputed, as evidenced by the testimony of Mr. Corkrean and his contractor, Mr. Ball. While both of them agree some of the damage had been committed before the purchase, they testified that the spillage of dirt continues to occur.

In relation to the complaint of the Tierneys there is adequate evidence to support the court's finding to the effect that defendant Earl had altered the grade of the sixteen-foot strip so as to block the natural flow of surface waters and cause a flooding condition on the Tierney lot. Consequently, the ruling of the court on this matter will not be disturbed.

The trial court denied the defendant's request for a mandatory injunction requiring the Tierneys to remove the patio and other obstructions in the "public alley." It was stated in the court's opinion that the alleged encroachment is a matter between the City of Huntington and the Tierneys or between the defendant and said city. With this we cannot agree. If there were a public alley, as alleged by the defendant, to which the defendant had acquired access and had used, he could certainly enforce his right in a proper action. *Huddleston* v. *Deans*, 124 W. Va. 313, 21 S. E.2d 352; *Edwards* v. *Moundsville Land Co.*, 56 W. Va. 43, 48 S. E. 754; *Cook* v. *Totten*, 49 W. Va. 177, 38 S. E. 491, 87 Am. St. Rep. 792.

It is implicit in the court's ruling that the area immediately east of Lots Nos. 1, 3 and 4 is a public alley. Again, although we disagree with the court's finding that the above area is a public alley, we affirm its denial

of injunctive relief. A thorough examination of the record fails to reveal evidence which would establish that the subject area is a public or private way. The only map of the area on record in the Office of the Clerk of the County Court of Cabell County is Defendant's Exhibit No. 1, designated "Map of Anita Heights." This map does not in any manner show an alley east of the Tierneys lot. The photographs offered as exhibits by plaintiffs and the defendant, reflect a grassy wooded area, with not the slightest suggestion of a vehicular way, public or private.

Testifying for the defendant, the city engineer, of the City of Huntington, said of the alleged fifteen-foot strip, "I can't swear to it, but from all the information I can get it is a public alley." This is probably the strongest evidence and perhaps the only evidence offered by the defendant to support his allegation that the subject land constitutes a public alley. Such evidence is of very little probative value.

The defendant calls attention to a map, Defendant's Exhibit No. 2, which shows as a part thereof the lots owned by the parties hereto. This map does show a fifteen-foot strip east of and adjacent to the properties of the Tierneys, Earls and Corkreans. Admittedly, this map is not of record. There is no testimony by Mr. Porter or Mr. Earl, or by anyone else, to indicate that said map was used to describe the property when the sale was made. The map has no designation, nor is it indicated thereon by whom it was made. Without further identification this exhibit is of no probative value.

The testimony adduced at the trial of this case fails to establish that this is a public alley. Mr. Porter testified that when he sold Lot No. 3 to Mr. Earl there was an understanding between them that the latter could use the sixteen-foot strip as an access to the public alley. There is no showing that Mr. Porter owned the land on which the alleged alley was located; nor was there a deed introduced into evidence, or any writing, which

referred to said alleged alley. The defendant's testimony likewise fails to establish the subject area as a public or private way. Upon being asked if he had actually used the alley for vehicular traffic, he noted "one incident that Mr. Tierney might recall of, I went out there when I had a red truck." He does not relate that he used it other times, but merely says he is deprived of its use.

Having carefully examined the record of this case, including the testimony of the witnesses and the exhibits, and having considered the rights of the parties in view thereof, we are of the opinion that the findings of the circuit court are supported by the evidence and that such findings will not be disturbed. *Moore* v. *Hamilton,* 151 W. Va. 784, 155 S. E.2d 877; *The State Road Commission* v. *Oakes,* 150 W. Va. 709, 149 S. E.2d 293; *Bluefield Supply Company* v. *Frankel's Appliances, Inc.,* 149 W. Va. 622, 142 S. E.2d 898; *Daughtery* v. *Ellis,* 142 W. Va. 340, 97 S. E.2d 33 and *Green* v. *Henderson,* 136 W. Va. 329, 67 S. E.2d 554. In view of the foregoing, the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*