**Stanley NESS and Joyce Ness, Respondents,**

v.

**Paul A. ALBERT, Appellant.**

**No. WD 33654.**

Missouri Court of Appeals, Western District.

Sept. 6, 1983.

Motion for Transfer to Supreme Court Overruled Nov. 15, 1983.

Application to Transfer Denied Dec. 20, 1983.

---

James C. Butcher, William A. Mallory, Butcher, Cline, Mallory & Covington, Columbia, for appellant.

Russell C. Still, Columbia, for respondents.

Before SOMERVILLE, Judge, Presiding, and TURNAGE and LOWENSTEIN, JJ.

SOMERVILLE, Judge, Presiding.

Plaintiffs (respondents), owners of a residential property in rural Boone County, brought an action for damages (actual and punitive) against defendant (appellant), an adjoining property owner.

Attention focuses on plaintiffs' petition in order to determine the theory of their cause of action. Doing so reveals that plaintiffs alleged in their petition that the presence of certain "rusted objects", pieces of "broken concrete", parts of "old sinks" and "stoves", and a partially burned house trailer on defendant's property were "unsightly" and "thus constitute a nuisance." Suffice it to say, evidence adduced by plaintiffs at trial tracked their petition.

The case, tried to a jury and submitted on the theory heretofore disclosed, resulted in a verdict in favor of plaintiffs and against defendant for both actual ($4000.00) and punitive ($8500.00) damages, and judgment was entered accordingly. Defendant appealed.

■ Several points are relied on by defendant on appeal. The first, admittedly somewhat inartfully drawn, is susceptible of being construed as questioning on appeal whether plaintiffs stated a claim or cause of action, on the ground that "unsightliness" does not constitute an actionable nuisance. So viewed, plaintiffs' objection on appeal that said point was not raised in defendant's motion for new trial, and, hence, not preserved for appellate review, is rejected. Rules 55.27(g) and 78.07 both provide that failure to state a claim or cause of action may be raised for the first time on appeal.

Plaintiffs make no claim that defendant's use of his property violated any statute, zoning law or ordinance. Thus, the apical question on appeal is whether use of one's property so as to offend the aesthetic sense of an adjoining property owner constitutes an actionable nuisance. If answered in the negative, the remaining points relied on by defendant are never reached.

■ It is generally recognized that unsightliness, without more, does not create

an actionable nuisance. *Haehlen v. Wilson,* 11 Cal.App.2d 437, 54 P.2d 62 (1936); *Mahlstadt v. City of Indianola,* 251 Iowa 222, 100 N.W.2d 189 (1959); *Crabtree v. City Auto Salvage Co.,* 47 Tenn.App. 616, 340 S.W.2d 940 (1960); *Vermont Salvage Corp. v. Village of St. Johnsbury,* 113 Vt. 341, 34 A.2d 188 (1943); *Mathewson v. Primeau,* 64 Wash.2d 929, 395 P.2d 183 (1964); and *State Road Commission v. Oakes,* 150 W.Va. 709, 149 S.E.2d 293 (1966). "[A]n owner's use of property cannot be restricted on purely aesthetic considerations." 66 C.J.S. Nuisances, § 19(d), p. 771 (1950). "It is not in itself sufficient to create a nuisance that a thing is unsightly, or that it offends the aesthetic sense." 58 Am.Jur.2d, § 44, p. 609 (1971). See also 84 A.L.R.2d 653, pp. 658–60 (1962).

To date, the appellate courts of this state have never confronted the precise issue at hand. Plaintiffs' purported reliance on *Massey v. Long,* 608 S.W.2d 547 (Mo.App. 1980) is misplaced. *Massey* is clearly distinguishable in that it involved the emission of audible noise from six air conditioning compressors located some seven feet away from an adjoining property owner's bedroom windows which disrupted the latter's sleep and rest.

Although legal academicians have urged its abrogation, the well-entrenched principle that a nuisance cannot be based solely on aesthetic considerations nevertheless remains the general, if not universal, rule. See 25 Cornell Law Q. 1 (1939); and 45 N.Y.U.Law Rev. 1075 (1970).

Aesthetic considerations are fraught with subjectivity. One man's pleasure may be another man's perturbation, and vice versa. What is aesthetically pleasing to one may totally displease another—"beauty is in the eye of the beholder". Judicial forage into such a nebulous area would be chaotic. Any imaginary good from doing so is far outweighed by the lurking danger of unduly circumscribing inherent rights of ownership of property and grossly intimidating their lawful exercise. This court has no inclination to knowingly infuse the law with such rampant uncertainty.

Having concluded that plaintiffs failed to state a claim or cause of action, the judgment below is reversed.

Judgment reversed.