NO. 07-04-0375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 8, 2005

_____

BELINDA VAQUERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14993-0306; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Belinda Vaquera brings this appeal from the revocation of her community supervision. We affirm the revocation.

Appellant was charged in June 2003 by indictment with Forgery of a Financial Instrument occurring in May 2003. She was convicted in November 2003 by the 242nd District Court on her plea of guilty pursuant to a plea agreement. Punishment was assessed in conformity with the plea agreement at two years confinement in a state jail

facility, a fine of $500.00, restitution of $2,049.64, and court costs. Also in compliance with the plea agreement, imposition of the sentence was suspended for a period of four years, conditioned on appellant's compliance with the terms of her community supervision. The State filed a motion to revoke appellant's community supervision on May 19, 2004, alleging four violations of her community supervision including failure to report as required, failure to notify the community supervision office of her change of address, failure to pay restitution and fees, and failure to complete community service.

At a July 9, 2004 hearing appellant pled true to the State's allegations and entered a stipulation of evidence in support. Appellant advised the court her plea was voluntary and she understood the nature of the proceeding and the consequences of her plea. Her counsel also informed the court he felt she was competent to proceed with the hearing.

Appellant was the only witness at the revocation hearing. At the conclusion of the hearing the court found appellant had violated the conditions of her community supervision and revoked it. The court ordered her to serve the original sentence imposed on her conviction. She filed a timely notice of appeal and the trial court appointed counsel on appeal.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief discusses the factual and procedural history of the case and evidence presented. In

conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd), the brief discusses one potential complaint on appeal and explains why it does not show reversible error.  Counsel also has filed a motion to withdraw and by letter informed appellant of her right to file a *pro se* brief.  *Id.* at 646.  By letter dated November 15, 2004, this Court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel, granting her until December 15, 2004, to do so.  This court's letter also reminded appellant to contact her counsel if she needed to review any part of the appellate record to prepare a response.[1]  On December 27, 2004, appellant requested an extension of time which this court granted allowing her until January 28, 2005, to file a *pro se* response.  Appellant has not filed a brief or other response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

The potential issue discussed in counsel's brief is factual sufficiency of the evidence supporting the trial court's determination that appellant violated one of the terms and

---

[1]Counsel's letter to appellant did not explicitly inform appellant of her right to review the record.  *See Nguyen v. State,* 11 S.W.3d 376, 379 (Tex.App.–Houston [14th Dist.] 2000, no pet.); *Johnson,* 885 S.W.2d at 646-47.

conditions of her community supervision. Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983). The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Cardona,* 665 S.W.2d at 493-94. In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App.1993). As counsel's brief notes, when the State alleges more than one violation, proof of any one of them will support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980). The trial judge in such a proceeding is the sole trier of fact. *Taylor v. State,* 604 S.W.2d 175, 179 (Tex.Crim.App.1980). A defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App.1979). Appellant signed a stipulation of evidence stating that each alleged violation of her community supervision was true and pled true to the violations in open court. The record also supports the court's finding that appellant was competent at the time of the hearing to make the plea and it was made voluntarily.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine

-4-

whether there are any arguable grounds which might support the appeal.[2] *See Stafford,* 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. The trial court did not abuse its discretion in revoking appellant's community supervision. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2]Our review is limited, though, to any issues related to revocation of appellant's community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (Vernon Supp. 2004); *see Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App.1999).