GEORGE W. PUMPHRY *et al.*, *vs.* MAJOR BROWN.

January Term, 1872.

1. Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is paid by another, the parties being strangers to each other, a resulting or presumptive trust immediately arises by virtue of the transaction, and the person named in the conveyance will be trustee for the party from whom the consideration proceeds.

2. Where the consideration proceeds from two or more persons jointly, and the conveyance of the legal estate is taken in the name of one of them only, a resulting trust will arise in favor of the parties not named in the conveyance, in proportion to the amount of the consideration which they respectively may have contributed.

3. B. bought of M. a property for three thousand dollars, and paid two thousand two hundred and sixty dollars on the purchase; subsequently he sold to P., who, by parol agreement with B., paid to M. seven hundred and forty dollars, the residue of the purchase money, and took a conveyance from M., directly. B. brought a bill to enforce the payment to him of the two thousand two hundred and sixty dollars; and it is held on demurrer, that his claim against the trust subject could not be enforced in a court of law, but could only be enforced in court of equity.

4. A decree which is erroneous in amount can be corrected in the court below, under section 5, chapter 134 of the Code, and in this court under section 6 of same chapter.

Bill filed at January rules, 1867, in the circuit court of Mason county. Decree for plaintiff, September term, 1869. The opinion of Maxwell, J., contains an ample statement of the points at issue.

The defendants appealed.

*D. Polsley* for appellants.
*Tomlinson* for appellee.

MAXWELL, J. Brown filed his bill in the circuit court of Mason county to recover from the defendant, Pumphry, the

---

*Judge Moore had been of counsel in the cause below.

sum of two thousand two hundred and sixty dollars, with interest thereon from the 5th day of January, 1865, and to subject to the payment thereof a house and four lots in Mason City, in said county. Plaintiff charges in his bill, that on the 5th day of January, 1865, he purchased of one George W. Moredock, a certain house and four lots of ground, for the sum of three thousand dollars, of which sum he at that time, and shortly thereafter, paid to the said Moredock the sum of two thousand two hundred and sixty dollars; that afterwards, some time in the month of February, 1865, he sold the said property, by contract not in writing, to the defendant, Pumphrey, for the sum of three thousand dollars, of which purchase money the defendant, Pumphry, was to pay to the said Moredock the sum of seven hundred and forty dollars, the balance of the purchase money due from plaintiff to Moredock; that the residue of the purchase money, two thousand two hundred and sixty dollars, which the plaintiff had paid to the said Moredock, with interest thereon, was to be paid to the plaintiff; that the said Moredock was to convey the said property to the said Pumphry, which he did, in which he acknowledged the receipt of the purchase money; that the purchase money which he was to pay to Moredock was in fact paid, but that the two thousand two hundred and sixty dollars which the defendant, Pumphry, was to pay to the plaintiff, was not paid and has never since been paid; that the said Pumphry, immediately after the said purchase of the property by him, took possession of the same and continues to remain in possession thereof; and that said Pumphry fails and refuses to pay plaintiff the said sum of two thousand two hundred and sixty dollars, &c.

There was a demurrer to the bill overruled, answer of defendant, Pumphry, and decree in favor of the plaintiff for amount claimed by him, from which decree Pumphry has appealed to this court.

The first ground assigned of error is, that the court overruled the demurrer. It is insisted that upon the case made in the bill, the plaintiff had a complete remedy at law to recover the money claimed by him, if he had any remedy. While it may be true that the plaintiff could have maintained a suit at law and obtained a judgment against the

defendant, Pumphry, for the amount claimed by him, yet such judgment might not be equivalent to the relief to which he might be entitled in a court of equity. Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration is given or paid by another, the parties being strangers to each other, a resulting or presumptive trust immediately arises by virtue of the transaction, and the person named in the conveyance will be trustee for the party from whom the consideration proceeds. Hill on Trustees, p. 91; 2 Story's Eq. Ju., §1201; *Bank of the United States* vs. *Carrington,* 7 Leigh, 566; *Boyd* vs. *McLean,* 1 Johnson's Co. Rep., 582; *Botsford* vs. *Burr,* 2 Johnson's Ch. Rep., 405.

A similar rule prevails in cases where the consideration proceeds from two or more persons jointly, and the conveyance of the legal estate is taken in the name of one of them only, a resulting trust will arise in favor of the parties not named in the conveyance, in proportion to the amount of the consideration which they respectively may have contributed. Hill on Trustees, p. 92; 2 Story's Eq. Jur., § 1206; *Wray* vs. *Steele,* 2 Vesey & Beames Rep., 388.

The substance of the allegations in the bill shows a transaction in which Moredock conveyed to Pumphry the house and lots in question, upon the payment to him, the said Moredock, by the plaintiff, of the sum of two thousand two hundred and sixty dollars, and the further sum of seven hundred and forty dollars paid by the said Pumphry. These facts are sufficient to raise a resulting trust in favor of the plaintiff upon the property, for the amount of the purchase money paid by the plaintiff. The claim of the plaintiff could not be enforced against the trust subject, in a court of law, but could only be enforced in a court of equity. 1 Story's Eq. Ju., § 29 The demurrer to the bill was therefore properly overruled.

The defendant, Pumphry, admits in his answer that he received the house and lots from the complainant, but denies that it was on the terms stated in the bill. He admits that he paid to Moredock the sum of seven hundred and forty dollars, as charged in the bill, and admits that he was to pay plaintiff two thousand two hundred and sixty dollars, which

110    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,                Pumphry et'al. vs. Brown.                1872

he avers he did pay by having that amount credited on the former indebtedness of the plaintiff to him, the said Pumphry. He admits that he received the conveyance of the house and lots from Moredock at the request of the complainant, and that he received possession of the property as charged in the bill. A good deal of testimony was taken to prove that Pumphry had paid the sum of two thousand two hundred and sixty dollars, which he admitted in his answer he was to pay to the plaintiff, but it wholly failed to establish satisfactorily the payment.

The decree complained of is for a greater amount than it should be, which is evidently occasioned by a miscalculation of interest. The decree is for three thousand and twenty-eight dollars and sixty cents, with interest, when it should be two thousand eight hundred and ninety-two dollars and eighty cents, with interest. This error can be corrected in the court below under section 5, chapter 134 of the Code, page 637, and may be corrected in this court under section 6, same chapter. *Connor* vs. *Fleshman*, 4 W. Va., p. 693.

The decree complained of ought to be corrected here so as to be for two thousand eight hundred and ninety-two dollars and eighty cents, with interest on said sum from the time the decree was rendered in the court below, and as corrected, be affirmed with damages and costs to the appellee.

Berkshire, P., concurred.

DECREE AFFIRMED.