# CHARLESTON.

WATTS BROTHERS & COMPANY v. FRITH et als.

Submitted October 10, 1916.    Decided October 24, 1916.

1. TRUSTS—*Resulting Trusts—Creation.*
   As a general rule payment of the purchase money or some part thereof, or assumption of some obligation therefor, at or before the sale and conveyance of the land to the grantee, is a. pre-requisite to the establishment of a resulting trust, and the subsequent payment or the assumption thereof will not, by relation, attach such trust to the original purchase.    (p. 91).

2. SAME—*Establishment—Sufficiency of Evidence.*
   To establish such resulting trust such prior payment or assumption of payment of the purchase money must be shown with certainty and exactness.    (p. 91).

Appeal from Circuit Court, Mercer County.

Suit by Watts Bros. & Co. against W. O. Frith and others. From a decree for plaintiff, defendant Anna O. Frith appeals.

*Affirmed.*

*Ross & Kahle,* and *Hartley Sanders,* for appellant.

*McNutt, Ellett & McNutt,* for appellee.

MILLER, JUDGE:

The decree appealed from, in accordance with the allegations and prayer of the bill, adjudges that the deed of October 10, 1913, from the defendants W. O. Frith and Anna O. Frith, his wife, to the defendant T. J. Effinger, trustee, conveying certain real and personal property in trust to be reconveyed by said trustee to the said Anna O. Frith, and the deed from said Effinger, trustee, to the said Anna O. Frith, of the same date, conveying the same property to her, in accordance with the deed to him, were each made to hinder, delay and defraud the creditors of said W. O. Frith, and especially the plaintiff, Watts Brothers & Company, in respect to their judgment, and that the same should be and they were thereby set aside and held for naught.

The answers of defendants, while admitting the purchase by and conveyance of said land to the said W. O. Frith, and the apparent ownership by him of all said personal property, alleges ownership thereof by Mrs. Frith, by way of a resulting trust, it being alleged that her money paid for all of said property, and that the title was taken by her husband in trust for her, and that he has not and never had any interest therein which was liable to be charged with his debts.

We have carefully examined all the evidence adduced on the issues thus presented, and we cannot say that the decree is not supported by the proof. In the first place the recitals in the deed from Frith and wife to Effinger, trustee, which estops them, do not support their theory of a resulting trust in favor of Mrs. Frith, but quite the contrary. The tract of ninety three and one third acres, known as the Stafford farm, was conveyed to W. O. Frith, September 26, 1910, the lot on Main Street, Princeton, in April, 1911, and the lot in the Bee Addition to the same city, in June, 1911, the first, three years, and the second and third lots over two years before the conveyance of the property to Mrs. Frith. The personal property conveyed to her consisted of a printing plant and all accounts payable due to the Princeton Progress Printing Company, the name under which the business was conducted by said W. O. Frith. In fact the deed shows a purpose and intention on the part of Frith to convey to his wife every vestige of property standing in his name, and put it beyond the reach of these attacking creditors. A significant recital in this deed, is, not that said real estate was purchased entirely with the money of Mrs. Frith, but that the same was purchased "*largely* with money belonging to the said Anna O. Frith", and that "said property is therefore, *to a large extent,* and to the extent of a *certain unascertained undivided interest* therein her sole and separate property, and should be deeded and held by her to the extent of her said undivided interest therein." Another pertinent recital, under a whereas, is, that "said W. O. Frith is desirous of paying by means of conveying *his property* in fee to the said Anna O. Frith certain debts and obligations due from himself to the said Anna O. Frith above referred to, which consists

of loans made by her and endorsements made by her, which in addition to being mentioned above, are hereinafter set out.'' The deed then proceeds to recite many debts as owing by said W. O. Frith, among them a three thousand dollar note, on which Mrs. Frith is endorser, and which is secured by a deed of trust on her property; a note of twelve hundred dollars, on which she is also endorser; a note for sixteen hundred dollars, endorsed by Frank Wall, and which is shown to be the last deferred payment on the Stafford farm, together with many other debts, which need not be specifically referred to.

Besides these admissions in the deed there is the positive evidence of two witnesses that prior to the making of these deeds W. O. Frith declared to them that plaintiff's debt was not just and that sooner than pay it he would convey his property away, and beyond their reach, or would spend a large amount to defeat them from recovery thereof. Checks and notes were admittedly issued by W. O. Frith in payment of the property, not one of which is produced, and we have no evidence in the record of the particulars respecting the sources of the payments made by W. O. Frith.

What conclusion should be drawn from these facts? Plainly that Mrs. Frith paid no part of the purchase money at or before the sale and conveyance of the property to her husband; she was no party to the contract; nor did she within that time assume any obligation for the purchase money. This as a general rule is sufficient to deny her the benefit of a resulting trust; for a subsequent payment will not, by relation, attach a trust to the original purchase. *Murry* v *Sell*, 23 W. Va. 475; *Shaffer* v. *Fetty*, 30 W. Va. 248; *Harris* v. *Elliott*, 45 W. Va. 245; *Currence* v. *Ward*, 43 W. Va. 367; *Moore* v. *Mustoe*, 47 W. Va. 549, and the many other cases cited in 13 Va. & W. Va. Enc. Dig. 279.

Another fact must be drawn from the evidence, namely, that the money afterwards advanced by Mrs. Frith was, if any, by way of a loan to her husband to pay the purchase money. Exactly how much money was so advanced is not shown. The deed contradicts the theory that she paid it all. We have decided that no resulting trust can be raised in

favor of a wife from payment by her of a.part of the purchase money on land bought by her husband in his own name, unless it be shown with certainty and exactness, what part was paid by her. *Pickens* v. *Wood*, 57 W. Va. 480. The deed of Frith and wife to Effinger, trustee, calls her payments "borrowed money", and describes her interest as an ·"unascertained undivided interest", and his desire of repaying her by conveyance of the property in fee, and there is absolutely no evidence of the exact amount of money paid. To establish a resulting trust the evidence must be clear and unequivocal. *Cassady* v. *Cassady*, 74 W. Va. 53.

The evidence we think clearly establishes an intent to hinder, delay and defraud plaintiffs in the collection of their debt, and our conclusion is to affirm the decree.

*Affirmed.*