342 S.E.2d 207

**Lavada REED**

v.

**Ernest TOOTHMAN, Jr., et al.; and the Bank of Shinnston, etc.**

**and**

**William S. WATSON, et al.,**

v.

**Lavada REED, et al., etc.**

**Nos. 16803, 16892.**

Supreme Court of Appeals of West Virginia.

March 25, 1986.

Christine M. Hedges, Hedges, Jones, Whittier and Hedges, Spencer, for appellant.

Charles G. Johnson, Clarksburg, for appellees.

PER CURIAM:

The question in this case is whether the Circuit Court of Harrison County properly refused to reform a certain deed by which the appellant conveyed a tract of land to the appellees, Ernest Toothman, Jr. and Diana Sue Toothman, his wife. The appellant claims that the deed improperly described the property to be conveyed and

---

4. *See W.Va.R.Civ.P.* 26(b)(1).

actually transferred more land than the parties intended. She asserts that evidence adduced during the trial of the case demonstrates that the parties mutually understood that less land was to be transferred than was actually conveyed, that the mistake in the deed was a result of a scrivener's error, and that the deed should have been reformed. We agree, and we reverse the decision of the circuit court.

The appellant, a widow, and a woman unsophisticated in real estate transactions, owned a five-acre parcel of real estate located in Harrison County which she and her husband had purchased in 1972 for $17,500.00. In 1979, according to her testimony, she decided to sell a portion of the parcel amounting to approximately one acre, together with an unfinished structure located upon it. She advertised the property, and eventually the Toothmans agreed to purchase it for $10,000.00.

The Toothmans undertook to borrow the purchase money for the transaction from the Bank of Shinnston, and the bank arranged to have the deed for the transaction prepared. The deed, as eventually executed, described, not the portion which the appellant alleges she intended to convey, but the entire five-acre tract. The appellant did not notice the discrepancy in the description of the property when she signed and delivered the deed. Later, when she learned that she had conveyed the whole five-acre tract, she instituted the present proceeding in which she prayed that the circuit court reform the deed.

During the subsequent trial of the case the Toothmans took the position that they understood that they were to receive the entire five-acre parcel and that consequently there was no mutual mistake sufficient to support reformation. The appellant, on the other hand, presented a substantial body of evidence showing that the Toothmans knew, or should have known, that they were to receive less than the whole tract.

At the conclusion of the hearing in the matter the circuit court ruled that while the appellant may have intended to sell only a portion of the five-acre tract, the evidence demonstrated that the Toothmans understood that they were purchasing the entire five acres. The judge concluded that because the Toothmans believed they were to receive the entire five acres the case was not one of mutual mistake, and, therefore, he lacked authority to reform the deed. He also noted that if the appellant did make a mistake, the mistake in the deed was a result of her negligence in failing to make her true intentions known and in not properly reviewing the deed before executing it.

■ It is a well-established rule in this jurisdiction that to warrant reformation of a deed for mistake the mistake must be mutual. *Edmiston v. Wilson*, 146 W.Va. 511, 120 S.E.2d 491 (1961); *Davis v. Lilly*, 96 W.Va. 144, 122 S.E. 444 (1924). It is said, however, that if the mistake is that of a scrivener in preparing the deed it is regarded as being a mutual mistake, the scrivener being the agent of both parties. A fairly recent statement of this rule is contained in syllabus point 1 of *Edmiston v. Wilson, supra:* "Equity has jurisdiction to reform and correct a deed executed through a mutual mistake of fact to conform to the actual agreement of the parties to the deed when such mistake results from the mistake of the scrivener in the preparation of the deed." A similar statement is contained in syllabus point 3 of *Davis v. Lilly, supra:* "Generally, to warrant equity to reform a deed for mistake the mistake must be mutual; but the mistake of a scrivener in preparing a deed is regarded as the mistake of both parties, he being regarded as the agent of both."

■ In the case presently before the Court the parties do not take issue with the rule that mutual mistake will support reformation. Rather they argue over whether the evidence supported the trial court's conclusion that the Toothmans understood that they were to receive the entire five acre tract and that the parties were, therefore, not mutually mistaken as to what was to be transferred.

During the hearings in this case the appellant testified that she intended to sell only a portion of the five acre tract in

questions, that she advertised only a portion of it, and that when she showed the property to the Toothmans she showed them only a portion of her entire tract. On the other hand, Ernest Paul Toothman, Jr., one of the appellees, testified that he understood that he was purchasing the entire five acre tract. His wife also said that the appellant discussed five acres with them and that she intended to purchase five acres.

To consummate the transaction, the Toothmans applied to the Bank of Shinnston for a loan. Before the bank would make the loan it required that three things be done: (1) that a prior deed of trust against the property securing a loan made to the appellant and her deceased husband be released; (2) that the property be appraised; and (3) that the appellant execute a deed transferring the property to the Toothmans. At the instance of the Toothmans the Bank of Shinnston arranged to have these three things done.

To arrange the release of the prior deed of trust, the bank contacted Mr. Warren Burnside of the Warren Realty Company who had arranged the prior loan. Mr. Burnside testified that the bank indicated that a partial release was desired since, according to his information from the bank, the appellant was selling one acre. He discussed the partial release with the lender, but the lender decided to require the appellant to pay off the entire loan balance because it was low and because the appellant's financial condition had changed since the death of her husband. When the appellant later paid off the entire loan, the lender granted a complete release of its lien against the five acre tract.

After arranging the release of the prior lien, the bank sent Mr. David Mazzei, a real estate appraiser, to the appellant's property to appraise that portion of it which was to secure the Toothman loan. Mr. Mazzei testified that he understood that he was to appraise one acre and that he actually appraised one acre. His valuation of the land at $11,000.00 was based on his examination of one acre and the incomplete structure and septic tank system upon it.

After receiving the appraisal the Bank of Shinnston contacted an attorney named Abruzzino to prepare a deed transferring the property from the appellant to the Toothmans. Mr. Abruzzino notified the bank that he required a description of the property to be transferred to complete the deed. A bank employee then asked the appellant to loan the bank, and Mr. Abruzzino, her deed to the property. The appellant, pursuant to the bank's request, delivered the deed to the bank. Her testimony rather clearly indicates that she was not told to provide a description of the property to be conveyed to the Toothmans, but instead she was told to deliver her deed. This testimony was consistent with that of bank employee, Vicky Knight.

The Court is of the view that the testimony of the disinterested witnesses in this case, particularly Mr. Burnside and Mr. Mazzei, demonstrates that the Toothmans originally told the bank that they were purchasing less than the entire five acre tract. From that fact it may be inferred that they originally understood that they were purchasing less than five acres. It, therefore, appears that the deed executed by the appellant did not reflect the agreement of the parties, that the error in it was, in effect, a result of a scrivener's mistake.

The authorities cited indicate that, under the circumstances of the case, the deed executed by the appellant should be reformed and that the trial court erred in not ordering reformation.

For the reasons stated, the judgment of the Circuit Court of Harrison County is reversed, and this case is remanded with directions that the circuit court determine the exact description of the property which was the subject of the parties' agreement. Such description should include in the area to be transferred to the Toothmans the incomplete structure and the septic system.

Reversed and remanded.