473 S.E.2d 149

**James R. FARLEY, Plaintiff Below, Appellant,**

v.

**Donna Mae FARLEY, Defendant Below, Appellee.**

No. 23153.

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1996.

Decided June 14, 1996.

James R. Farley, Stanaford, Appellant acting pro se.

Robert B. Sayre, The Sayre Law Offices, L.C., Beckley, for Appellee.

PER CURIAM:

The Circuit Court of Raleigh County granted the appellee in this proceeding, Donna Mae Farley, a directed verdict in this action brought by the appellant, James R. Farley, the appellee's former husband, for a declaration of ownership of a certain house trailer. On appeal, the appellant, who is acting *pro se*, is apparently claiming that the circuit court erred in directing the verdict and in not allowing his case to be proceed to a jury. He is also claiming that certain

members of the judiciary, as well as Mrs. Farley's attorney, Robert B. Sayre, acted improperly in this matter. After reviewing the documents filed and the questions raised, this Court cannot agree with the appellant's assertions. The decision of the circuit court is, therefore, affirmed.

This Court's understanding of the issues and the underlying facts of this case is considerably impaired by the fact that no record has been filed and by the fact that a very brief handwritten petition and very brief handwritten *pro se* brief have been submitted by the appellant, James A. Farley.

The papers do suggest that this action was initially instituted in magistrate court and later removed to the Circuit Court of Raleigh County. It grows out of a claim of ownership that the appellant has made to a house trailer which is in the possession of the appellee, the appellant's former wife, Donna Mae Farley.

The documents filed indicate that Donna Mae Farley purchased the trailer in question from Greta Boles in 1986 for $2,500.00. The appellant was and is claiming that he provided the $2,500.00 for the purchase of the trailer by Mrs. Farley. Apparently he is also claiming that, although Mrs. Farley may have title to the trailer and does have possession of it, he is the true, and equitable, owner of it. In effect, he was and is taking the position that he is entitled to the declaration of a resulting trust in the trailer, with Mrs. Farley being the trustee and with his being the equitable owner.[1]

A trial was conducted in this case on February 1, 1995. During the trial, Mr. Farley, who was presenting the case *pro se*, did not testify as a witness, and he did not subpoena any witnesses on his own behalf. Instead, to develop his case in chief, he called witnesses who had been subpoenaed by Mrs. Farley and who were present to testify in her behalf. Those witnesses all testified that the trailer belonged to Mrs. Farley and apparently failed or refused to testify that the appellant had provided his own funds for the trailer and/or that Mrs. Farley had purchased it under the circumstances that would give rise to a resulting trust. In addition, the appellant produced a bill of sale for the trailer, but the bill of sale failed to indicate who the purchaser was.

At the conclusion of the appellant's case, Mrs. Farley moved for a directed verdict, and the trial judge granted that motion.

In the present proceeding, as previously indicated, Mr. Farley takes the position that the trial court erred in directing a verdict for Mrs. Farley and that the trial court should have allowed the case to go to the jury.

In syllabus point 3 of *Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964), this Court stated:

> When the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right of recovery, the trial court should direct a verdict in favor of the defendant.

*See Hines v. Hills Department Stores, Inc.*, 193 W.Va. 91, 454 S.E.2d 385 (1994).

Further, in a number of cases this Court has indicated that a party seeking to establish a resulting trust in his favor must adduce evidence which shows the rightness of the claim with "certainty and exactness" and the evidence must be "clear and unequivocal." *Wilcoxon v. Carrier*, 132 W.Va. 637, 53 S.E.2d 620 (1949); *Watts Brothers & Co. v. Frith*, 79 W.Va. 89, 91 S.E. 402 (1916); and *Cassady v. Cassady*, 74 W.Va. 53, 81 S.E. 829 (1914).

In the present case, all the testimonial evidence adduced indicated that the ownership of the trailer in question was vested in Mrs. Farley rather than the appellant and failed to support the claim. The bill of sale

---

1. In *Belmont Iron Works v. Boyle*, 120 W.Va. 339, 198 S.E. 527 (1938), this Court indicated that a "resulting trust" is one which arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title. Further, in the early case of *Pumphry v. Brown*, 5 W.Va. 107 (1872), this Court recognized that a resulting trust arises where a purchaser pays purchase money, but takes title in another.

shed no light on the identity of the owner of the trailer.

In examining the documents filed, this Court cannot say that it can be said that the evidence apparently presented during trial, even when considered in the light most favorable to the appellant, established a *prima facie* case for recovery. In view of this, and in light of the rule set forth in syllabus point 3 of *Roberts v. Gale, supra*, this Court cannot conclude that the trial court erred in granting Mrs. Farley a directed verdict.

■ The Court notes that even if the actual facts below were not precisely as perceived by the Court from the very limited documents filed, this Court would not be constrained to reverse the circuit court's decision since, as stated in syllabus point 5 of *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966):

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

■ The Court also notes that the appellant claims certain members of the judiciary, as well as Mrs. Farley's attorney, acted improperly in this matter. It is unclear from the documents filed what the exact claim is. It appears that the appellant had a wholly separate case in a federal court presided over by Judge Sprouse, and the appellant says:

> Former Judge Sprouse ... was in contact with Judge Ashworth and the day after Judge Ashworth told the jury that he was making the decision in favor of Mr. Sayers and Donna Farley Judge Sprouse (in the Appellate) Court of Richmond Va. *Denied* my case against Pittston....

In this Court's opinion, these allegations alone, by which the appellant seemingly implies that members of the judiciary and bar acted improperly in a wholly distinct and separate case, do not provide an adequate basis for reversing the decision of the circuit court in the present case. Additionally, there is no competent evidence in the record to support the allegations. Accordingly, there is no merit in this argument of error.

For the reasons stated, the decision of the Circuit Court of Raleigh County is affirmed.

Affirmed.