540 S.E.2d 532

**Jimmy Ray SAMS and Velda Jo Sams, Plaintiffs Below, Appellees,**

v.

**Ocea Lou GOFF, Defendant Below, Appellant.**

No. 26212.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1999.

Decided Nov. 22, 1999.

Richard A. Hayhurst, Andrew C. Woofter, III, Parkersburg, for the Appellees.

Louie S. Davitian, Theodore Davitian, Davitian & Davitian, Parkersburg, for the Appellant.

PER CURIAM:

This is an appeal by Ocea Lou Goff from a preliminary injunction issued by the Circuit Court of Wood County directing her to convey a parcel of real estate to the appellees, Jimmy Ray Sams and Velda Jo Sams. On appeal, the appellant claims that the preliminary injunction was improperly issued in that the facts of the case failed to show that the Samses were substantively entitled to the relief which they received and in that the granting of relief by way of preliminary injunction was inappropriate.

I.

FACTS

On May 25, 1990, the parties to this proceeding, the appellant, Ocea Lou Goff, and the appellees, Jimmy Ray Sams and Velda Jo Sams, executed a "Land Sale Contract" in which the appellant agreed to sell the Samses a parcel of real estate located in Vienna, West Virginia, for a total purchase price of $40,000. The agreement provided that the Samses would make a down payment of $2,400 in the form of monthly payments of $200 for 12 months, beginning on June 1, 1990, and that after $2400 had been paid, the Samses would pay the appellant $37,600 with interest at the rate of nine percent in 228 equal monthly payments of $344.75. The first payment of $344.75 was to be made on the first of June, 1991, and the subsequent payments to be made "on the first day of each subsequent month thereafter, until the principal amount and interest thereon is paid in full." The agreement also stated that: "Any payments made in advance shall be in anticipation of the ultimate maturity of this obligation and shall not obviate the necessity of making of the monthly payments thereafter becoming due."

The Samses faithfully made all payments due under the land sale contract until, according to their petition, they wished to improve the buildings on the real estate and sought a commitment from a lending institution for the necessary financing. Upon seeking the commitment, they learned that they could not obtain a loan as long as the land sale contract remained in force since the lending institution required a first-priority lien before granting a loan.

The Samses allege that to obtain the loan, they proposed to pay off the full amount due the appellant under the land contract. The appellant, however, refused to accept the payoff on the ground that the contract did not allow prepayment of the amount due.

Following the appellant's refusal to accept the payoff of the land sale contract, the Samses instituted the present action in the Circuit Court of Wood County. In their complaint, they alleged that the land sale contract anticipated that payments could be

made in advance and that it contained no prohibition against prepayment. They also alleged that they had tendered to the appellant the amount due her and that they would suffer irreparable damage unless the court issued an injunction requiring her to accept prepayment. They prayed that the court enjoin and restrain the appellant from refusing to accept the payoff of the balance due and further enjoin her to execute and deliver an appropriate deed conveying them title to the premises.

Before the appellant filed a formal response to the Samses complaint, but after she had made certain representations to the court, the circuit court issued the injunction which is in issue in this appeal. In the order issuing the injunction, the circuit court stated that the appellant was claiming that she had specifically directed her attorney to omit language allowing prepayment of the balance, but that her attorney had inadvertently left in the language suggesting that payments could be made in advance in anticipation of the ultimate maturity of the obligation. The court also went on to state that there was no evidence that the Samses intended not to be able to anticipate or prepay their monetary obligation. The court concluded since the law provided that ambiguities in a written agreement were to be charged against the party who composed the agreement, and since the appellant's agent prepared the agreement, the appellant had to bear the consequences of the agreement. The court also went on to say that the Samses had demonstrated that they had made substantial payments against the land, and that they had also demonstrated, to a reasonable probability, their success on the merits of the case. The court, therefore, issued the injunction which the Samses sought and directed the appellant to convey the land to them upon payment of the amount due under the contract.

In the present proceeding, the appellant claims that the circuit court erred in finding that the land sale contract authorized prepayment of the Samses obligation. She also claims that the court erred in granting a preliminary injunction which decided the ultimate issue in the case without allowing evidence to be presented by either party. Finally, the appellant asserts that the court erred in finding that the Samses would suffer immediate and irreparable injury if the preliminary injunction were not granted.

## II.

### DISCUSSION

In a number of decisions, this Court has indicated that the granting or refusal of a temporary injunction rests in the sound discretion of the trial court, and the trial court's exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. *West v. National Mines Corporation,* 168 W.Va. 578, 285 S.E.2d 670 (1981); *Mahoney v. Walter,* 157 W.Va. 882, 205 S.E.2d 692 (1974); and *Stuart v. Lake Washington Realty Corporation,* 141 W.Va. 627, 92 S.E.2d 891 (1956). In Syllabus Point 11 of *Stuart v. Lake Washington Realty Corporation, id.,* the rule is stated as follows:

> Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.

As has been previously stated, the principal substantive issue in the present case is whether the Samses were entitled to prepay their obligation to the appellant. The general rule is that, in the absence of statutory authority or contractual language to the contrary, a debtor has no right to prepay a promissory note secured by a deed of trust prior to maturity. This rule, however, is circumscribed by the principle that if there is statutory authority or contractual language in the instrument giving rise to the debt authorizing prepayment, then under the law, the obligation may be prepaid. *Young v. Sodaro,* 193 W.Va. 304, 456 S.E.2d 31 (1995).

In the present case, this Court believes that the contract between the appellant and the Samses specifically contains language recognizing prepayment. As has been previously indicated, the land sale contract specifically makes reference to payments made in advance, and indicates that such payments made in advance are in anticipation of the ultimate maturity of the obligation.

The appellant claims that this language was left in the contract by mistake and that the scrivener omitted other language expressly authorizing prepayment. In light of the mistake, the appellant claims that the trial court should have reformed the contract to bar prepayment. On the other hand, it does not appear that the Samses were aware of the scrivener's error or that it was intended that the contract preclude prepayment.

▪ Once a written contract is entered into, our law recognizes that it may be reformed to correct a mistake made by the scrivener in the preparation of the written document. *Reed v. Toothman,* 176 W.Va. 241, 342 S.E.2d 207 (1986). However, before such reformation is warranted, it must be shown that the scrivener's product reflects something other than what was understood by both parties. *Reed v. Toothman, id.*

▪ In the present case, there is no indication that the Samses were aware that the appellant intended to bar prepayment in the land sales contract. While the written document may not conform to the appellant's intention, there is nothing to show that it departs from the understanding of the Samses. Under such circumstances, *Reed v. Toothman, id.,* indicates that reformation is inappropriate.

▪ Our law indicates that where a written contract is clear and free from ambiguity, the only function of a trial court is to give such contract force and effect. It is not proper in such circumstances ·for a court to resort to rules of construction or interpretation to ascertain the intent of the parties. *International Nickel Company v. Commonwealth Gas Corporation,* 152 W.Va. 296, 163 S.E.2d 677 (1968), and *Magnus v. Halltown Paper Board Company,* 143 W.Va. 122, 100 S.E.2d 201 (1957).

In the present case, the written document contemplated that payments could be made in advance and that such payments should be considered in anticipation of the ultimate maturity of the obligation. There is no ambiguity in the language, and it rather clearly authorized prepayment of the debt created by the instrument. In granting the preliminary injunction in this case, the trial court, in effect, concluded that the Samses were substantively entitled to the relief they sought. In reaching this conclusion, the trial court did not err.

▪ Procedurally, this Court has long recognized that the issuance of a mandatory injunction is appropriate where the right of an applicant seeking relief is clear and the necessity for such relief is urgent. *State Road Commission v. Oakes,* 150 W.Va. 709, 149 S.E.2d 293 (1966); *McCausland v. Jarrell,* 136 W.Va. 569, 68 S.E.2d 729 (1952); and *Kennedy v. Klammer,* 104 W.Va. 198, 139 S.E. 713 (1927).

▪ Also, the Court has recognized that the mere existence of a legal remedy is not of itself a sufficient ground for refusing an injunction. For the existence of a legal remedy to bar injunctive relief, it must appear that the legal remedy is as practical and efficient to secure the ends of justice and its prompt administration as injunctive relief. *Consumers Gas Utility Company v. Wright,* 130 W.Va. 508, 44 S.E.2d 584 (1947), and *Buskirk v. Sanders,* 70 W.Va. 363, 73 S.E. 937 (1912).

▪ In the present case, the trial judge specifically found that the Samses had secured a commitment from a local lending institution for a loan to improve the real estate in issue in this case. Furthermore, it is implicit in the trial court's order that the Samses would lose that commitment and the opportunity to improve the property if they did not promptly obtain unencumbered title to the property. It appears that the trial court recognized that the commitment was ephemeral and that any protracted legal remedy might have been pursued only at the cost of losing the commitment.

The Court believes that the trial court properly found that the Samses right to the relief they sought was clear, and we also believe that the documents filed demonstrate that any legal remedy available to the Samses would have been less practical and less efficient than an injunction. In view of the circumstances, the trial judge did not abuse his discretion in issuing the injunction in this case. The judgment of the Circuit Court of Wood County is, therefore, affirmed.

Affirmed.

Justice SCOTT did not participate in the decision in this case.

Justice McGRAW and Judge STONE, sitting by temporary assignment, dissent.