# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jane Ellen Cashion, in her capacity as Executrix of the
Estate of Nancy C. Cashion,
Third-party Plaintiff Below, Petitioner**

**FILED**

November 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No**. **15-0048** (Fayette County 14-C-90)

**John Brent Cashion, and Joseph Bruce Cashion,
Counter-Defendants Below, and Forestry Associates, Inc.,
and TKL Logging, Inc.,
Third-Party Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jane Ellen Cashion, in her capacity as Executrix of the Estate of Nancy C. Cashion, by counsel Thomas W. White and Mary R. Rowe Litman, appeals the December 9, 2013, order of the Circuit Court of Fayette County that awarded partial summary judgment in favor of Respondents John Brent Cashion ("John Brent") and Joseph Bruce Cashion ("Joseph Bruce"), petitioners' brothers. Respondents, by counsel John A. Proctor and Paul A. Ryker, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case began as a will contest instituted by respondents of the Last Will and Testament of Nancy C. Cashion, the parties' mother, in which respondents alleged, inter alia, that she lacked testamentary capacity and was unduly influenced by petitioner. Petitioner, who was to receive, inter alia, all of her mother's real property in West Virginia under the will, filed a counterclaim in which she disputed John Brent's title to a certain 55-acre parcel of land in New Haven, Fayette County. It is this dispute that is at issue in the present appeal.

In 2006, a deed prepared by attorney Brian Parsons purported to convey title in the parcel to John Brent for the stated consideration of $56,000, plus interest. In Parsons's sworn affidavit, which was submitted in support of respondents' motion for partial summary judgment, he stated that, in 2006, he was counsel to Nancy Cashion and her husband, John T. Cashion Jr., and that "[a]s their attorney, I was requested to prepare documents relating to a conveyance of 55-acres on the cliffs of the Gauley River to their son, John Brent Cashion. Those documents included a deed, promissory note, and a deed of trust to secure that note." According to Parsons's affidavit,

he prepared the documents as instructed but that, "due to a simple mistake, or scrivener's error, the deed dated June 1, 2006, was prepared with an execution signatory blank for John Brent Cashion, the grantee, rather [than] providing signature lines for execution by John T. Cashion, Jr. and his wife, Nancy C. Cashion, as the grantors and appropriate signatory parties." Parsons's affidavit further stated that his office allowed John Brent to mistakenly execute this deed "rather than have it executed by his parents as the appropriate executing grantors. The deed was thereafter recorded with the same mistake." Parsons's affidavit indicated that it was the intent of the senior Cashions to convey the subject property to John Brent. Parsons' affidavit further stated that, in connection with the deed, he also prepared a promissory note by which John Brent

> became indebted for consideration for the real estate conveyance to pay $56,000.00, plus interest. The note was secured by a deed of trust, which itself was recorded in the office of the Fayette County Clerk. Those documents further confirm that the intent of the parties was that the Cashion parents would convey, in an arms-length transaction, the legal title to their son, John B. Cashion; and, that the consideration to be paid was the note for $56,000.00, secured by a deed of trust—all part of the same June 1, 2006 [transaction]."

The deed of trust bore the identical property description as that set forth in the deed at issue. It was recorded contemporaneously with the deed.

Thereafter, John Brent made payments on the promissory note. In addition, the Fayette County Assessor and Sheriff listed John Brent as the owner of the subject property for the purpose of real estate tax invoices; and John Brent paid real estate taxes on the property.

Both John T. Cashion, Jr.'s will[1] and Nancy C. Cashion's will included provisions directing that the promissory note and any security executed therefor by John Brent for "his purchase of the property on the cliffs of the Gauley River" be released.[2] Furthermore, the deed of trust/promissory note were also listed on various documents filed by petitioner with the Fayette County Clerk in connection with the probate of their mother's will. Finally, respondents each filed affidavits in support of their motion for partial summary judgment that recounted the circumstances surrounding the conveyance of the subject property to John Brent.

Ultimately, John Brent entered into timbering contracts with TKL Logging, Inc., and Forestry Associates, Inc., counter defendants to petitioner's third-party complaint.[3] In connection with these contracts, John Brent concedes that, in July of 2013, he presented his mother with a handwritten document that he asked her to sign. The document stated as follows: "I Nancy C.

---

[1] John T. Cashion, Jr.'s will was executed on November 2, 2008, two years after the conveyance. He predeceased his wife.

[2] Petitioner does not argue that the cliffs property is anything other than the subject property.

[3] As against the logging companies, petitioner alleged trespass and negligent timbering. The logging companies are not parties to the present appeal.

Cashion do authorize John Brent Cashion to thin and receive proceeds from timber on property listed below. This is in order to continue with improvements on said property." John Brent contends that this document was prepared "in deference to [his mother's] lienholder status, at the time." Nancy Cashion did not sign the authorization document; instead, John Brent received a letter from her attorney stating that he advised Nancy not to sign the document. The attorney noted numerous reasons as to why the authorization document was not acceptable (e.g., absence of a survey, failure to mark the trees to be removed and to remain, pre-operation bond, designation of ingress/egress, failure to identify the logging company, etc.).

On March 28, 2014, respondents filed a complaint in the Circuit Court of Fayette County contesting their mother's will. Petitioner filed an answer, a counterclaim against respondents alleging that John Brent fraudulently conveyed the subject property to himself pursuant to the aforementioned deed, and a third-party complaint against the logging companies. Petitioner subsequently filed a motion for preliminary injunction against respondents and the logging companies. Thereafter, respondents filed a motion for partial summary judgment alleging that there is no genuine issue of material fact regarding the ownership of the subject property.

A hearing on respondents' motion was conducted on November 18, 2014, and, upon the conclusion thereof, respondents' motion was granted. An order granting partial summary judgment was entered on December 9, 2014, holding that John Brent holds title to the subject property and imposing a resulting trust to reflect the intent of the senior Cashions to convey title to the subject property to John Brent. Petitioner's motion for injunctive relief was deemed moot. The order was held to be final for, inter alia, purposes of appeal. This appeal followed.

This case is before this Court on appeal from an order granting partial summary judgment in favor of respondents. Our review is de novo. *See* Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we are mindful that "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of NY,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syl. Pt. 2, *Grim v. E. Elec., LLC*, 234 W.Va. 557, 767 S.E.2d 267 (2014).

Petitioner argues that the circuit court erred in granting summary judgment in favor of respondents because genuine issues of material fact exist as to ownership of the subject property. In support thereof, petitioner points to the authorization document John Brent presented for his mother's signature, and petitioner's affidavit, which recounts an incident that occurred on July 25, 2013, in which she and her mother were stopped on the latter's property by two men from an unidentified logging company seeking Nancy's signature on an agreement to timber the subject parcel. According to petitioner's affidavit, her mother refused to sign, advising the men that she was the owner of the parcel and that John Brent was not authorized to enter into a timbering agreement. Petitioner argues that the above-described letter to John Brent from his mother's attorney also demonstrates that issues of material fact as to the ownership of the subject property exist. With regard to the evidence presented by respondents and upon which the circuit court relied in granting summary judgment on the issue, petitioner contends that the affidavits of John Brent and Joseph Bruce were self-serving; that the affidavit executed by attorney Parsons fails to identify who requested him to prepare the deed, deed of trust, and promissory note; that none of the documents prepared by Parsons contain the signatures of the grantors; and that respondents

3

failed to submit a complete payment history on the note. Petitioner further argues that it is unclear whether John Brent's payments to his parents were made on the note for the subject property because, according to petitioner, there is evidence that he may have signed additional promissory notes in favor of his parents during their lifetime.

Upon our de novo review, we find that summary judgment was properly granted, as no genuine issues of material facts exist as to John Brent's ownership of the subject property. The deed, deed of trust, and promissory note were all dated June 1, 2006, and prepared by attorney Parsons in connection with the arms-length sale of the subject property. All three documents referenced the $56,000 stated consideration amount, and both the deed and deed of trust bore the identical property description. Despite petitioner's contention that Parsons's affidavit does not indicate who asked him to prepare the documents, the affidavit clearly states that, during 2006, he "was counsel to John T. Cashion, Jr. and his wife, Nancy C. Cashion" and that he was requested to prepare the above-described documents "[a]s their attorney[.]" It is undisputed that John Brent made payments due on the promissory note and also paid the real estate taxes on the subject property, thereby corroborating that a sale occurred. Furthermore, the respective wills of the parties' parents speak to the purchase of the subject parcel, as both wills directed that the promissory note and any security executed therefor by John Brent for his purchase of the property be released. Finally, John Brent's efforts to obtain his mother's authorization, as the lien holder, to timber the subject parcel do not disprove his ownership of the same. Indeed, the letter from Nancy Cashion's attorney to John Brent listed a host of reasons as to why he advised her not to authorize the timbering. Importantly, none of those reasons included the assertion that Nancy, rather than John Brent, owned the property.[4] For these reasons, we find that genuine issues of material fact do not exist as to the ownership of the subject property and that summary judgment was properly granted by the circuit court.

Next, petitioner argues that the absence of the grantors' signature on the June 1, 2006, deed was not a scrivener's error; rather, petitioner contends that the error rendered the deed void. She further argues that the circuit court erred in imposing a resulting trust to reflect the alleged intent of the senior Cashions to convey title to the subject parcel to John Brent. Based upon our examination of the record before us, we find no error.

This Court has stated that "[i]t is a well-established rule in this jurisdiction that to warrant reformation of a deed for mistake[,] the mistake must be mutual." *Reed v. Toothman*, 176 W.Va. 241, 242, 342 S.E.2d 207, 209 (1986) (citing *Edmiston v. Wilson*, 146 W.Va. 511, 120 S.E.2d 491 (1961) and *Davis v. Lilly*, 96 W.Va. 144, 122 S.E. 444 (1924)). Further, "[i]f the mistake is that of a scrivener in preparing the deed it is regarded as being a mutual mistake, the scrivener

---

[4] Although petitioner avers that there is evidence that John Brent signed additional promissory notes in favor of his parents during their lifetime and that, therefore, the promissory note for $56,000 may or may not be related to the purchase of the subject property, petitioner does not offer evidence of any such additional notes and, indeed, during the hearing in this matter, was unable to identify another promissory note upon inquiry by the circuit court. Furthermore, only the one promissory note debt was listed by petitioner, as the personal representative of her parents' respective estates, on the probate documents filed in connection with the probate process.

4

being the agent of both parties." *Reed*, 176 W.Va. at 242, 342 S.E.2d at 209. Thus, "[e]quity has jurisdiction to reform and correct a deed executed through a mutual mistake of fact to conform to the actual agreement of the parties to the deed when such mistake results from the mistake of the scrivener in the preparation of the deed." *Id.* (quoting *Edmiston*, syl. pt. 1). The evidence, as described in detail above, demonstrates that the senior Cashions and John Brent mutually understood and intended that the subject parcel would be conveyed by the former to the latter by deed dated June 1, 2006, for the stated consideration amount of $56,000, plus interest. The evidence further demonstrates that the mistake in the deed was the result of the attorney's error in drafting the deed—in other words, a scrivener's error. Under the unique facts of this case, therefore, we find that the absence of the grantor's signature on the deed at issue did not render it void.

As for the circuit court's imposition of a resulting trust, this Court has recognized that a resulting trust "arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title." *Farley v. Farley*, 196 W.Va. 434, 435 n.1, 473 S.E.2d 149, 150 n.1 (1996) (quoting *Belmont Iron Works v. Boyle,* 120 W.Va. 339, 198 S.E. 527 (1938)). Furthermore, "a party seeking to establish a resulting trust in his favor must adduce evidence which shows the rightness of the claim with 'certainty and exactness' and the evidence must be 'clear and unequivocal.' *Wilcoxon v. Carrier,* 132 W.Va. 637, 53 S.E.2d 620 (1949); *Watts Brothers & Co. v. Frith,* 79 W.Va. 89, 91 S.E. 402 (1916); and *Cassady v. Cassady,* 74 W.Va. 53, 81 S.E. 829 (1914)." *Farley*, 196 W.Va. at 435, 473 S.E.2d at 150. We find that the circuit court correctly awarded equitable relief in the form of a resulting trust in order to effectuate the clear intent of the parties to the June 1, 2006, deed, as appears from the unique facts and circumstances of this case.

For the foregoing reasons, we affirm.[5]

Affirmed.

**ISSUED:** November 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] Given that we affirm the circuit court's order, we need not address respondents' alternative argument that petitioner's claim is barred under the doctrine of judicial estoppel.